UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

STEPHANIE RAPKIN,

    *Plaintiff,*

    *v.*

VILLAGE OF SHOREWOOD,
VILLAGE OF WHITEFISH BAY,
PETER NIMMER, NICHOLAS MUELLER,
IAN KUDRYNSKYY, THOMAS LIEBENTHAL,
HALSTON WOLBER, ALI-RAZA GOVANI,
CODY SMITH, AND JULIA ZURFLUH,

    *Defendants.*

Case No: 2:23-cv-670

## PARTIES' JOINT PROPOSED 26(f) REPORT

The parties submit the following Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 16.

**1. A brief statement of the nature of the case**

This is an action brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over federal claims under 28 U.S.C. § 1331. This Court has jurisdiction over the state law indemnification claims under 28 U.S.C. § 1367.

Plaintiff alleges that on 7 June 2020, Defendants, who are law enforcement officers and political subdivisions of the State of Wisconsin, entered Plaintiff's home without a warrant and without an exception to the warrant requirement. Once inside

Plaintiff's home, Plaintiff alleges she was arrested for a misdemeanor. The officers claimed they entered the home to conduct a welfare check.

Plaintiff brings claims alleging multiple unlawful entries or failure to intervene in the unlawful entries into her home, unlawful seizure and arrest, unlawful searches of her home, and a conspiracy among the defendants to violate her Fourth Amendment rights. Plaintiff also asserts that Defendant Village of Shorewood maintained certain policies, practices, and customs, the implementation of which allowed for the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.

Defendants deny that they violated Plaintiff's constitutional rights, deny that their actions were unreasonable, and have raised several affirmative defenses including qualified immunity.

**2. Amendments**

The parties do not anticipate amending the pleadings at this time.

**3. Contemplated motions**

The defendants anticipate moving for summary judgment. The plaintiff anticipates moving for partial summary judgment.

**4. Other matters**

The parties agree that the limitations on discovery imposed by the Federal Rules of Civil Procedure are appropriate to this case. The parties agree to confer and to work cooperatively if either party reasonably believes that this paragraph needs to be modified, prior to seeking Court intervention.

The parties will work cooperatively to make appropriate stipulations of facts and of authenticity of documents to avoid unnecessary proof.

The parties anticipate that electronic discovery will occur in this case, and that electronically stored information ("ESI") will be discoverable, consistent with the Federal Rules of Civil Procedure. The parties agree to promptly meet and confer on electronic discovery issues.

The parties agree that service by electronic means, including by email, shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. Rule 6(d) shall not apply in the event of such service. The parties agree that all discovery requests and responses will be provided in electronic format and that the parties will cooperate as to the specific electronic format (native, PDF, etc.) of the documents disclosed.

The parties estimate that the trial will last five days. The parties suggest a potential case schedule as proposed below, which assumes the trial will occur in the spring of 2025.

The following attorneys plan to participate in the Rule 16 conference on 29 September 2023:

   A. James Odell on behalf of Plaintiff Stephanie Rapkin

   B. Amy J. Doyle on behalf of the Village of Shorewood defendants

   C. Amanda E. Melrood on behalf of the Village of Whitefish Bay defendants

The parties propose the following dates for deadlines in this case:

| | |
|---|---|
| Initial disclosures | November 13, 2023 |
| Final date to amend pleadings without leave of court | December 8, 2023 |
| Dispositive motions | September 20, 2024 |

The parties agree to the following expert disclosure deadlines. Plaintiff's expert witness disclosure will be 30 days after the Court's summary judgment decision. Defendants' expert witness disclosures will be 90 days after the Court's summary judgment decision. Plaintiff's rebuttal expert witness disclosure will be 120 days after the Court's summary judgment decision. Defendants' rebuttal expert witness disclosures will be 150 days after the Court's summary judgment decision.

Dated 25th day of September 2023,

    STRANG BRADLEY, LLC,

By:   /s/ R. Rick Resch
      John H. Bradley, Wisconsin Bar No. 1053124
      R. Rick Resch, Wisconsin Bar No. 1117722
      James Odell, Wisconsin Bar No. 1131587
      613 Williamson St., Suite 204
      Madison, Wisconsin 53703
      (608) 535-1550
      John@StrangBradley.com
      Rick@StrangBradley.com
      James@StrangBradley.com

*Attorneys for Plaintiff Stephanie Rapkin*

    CRIVELLO NICHOLS & HALL, S.C.

By:   /s/ Amy J. Doyle
      Amy J. Doyle, SBN 1001333
      Steven C. McGaver, SBN 1051898
      710 N. Plankinton Ave., Suite 500
      Milwaukee, WI 53203
      Telephone: (414) 271-7722/Fax (414) 271-4438
      Email: adoyle@crivellolaw.com
            smcgaver@crivellolaw.com

*Attorneys for Defendants Village of Shorewood, Peter Nimmer, Nicholas Mueller, Ian Kudrynskyy, Thomas Liebenthal, Halston Wolber, Ali Govani, and Cody Smith*

    WIRTH + BAYNARD

By:   /s/ Amanda E. Melrood
      Amanda E. Melrood, State Bar No. 1089610
      Joseph M. Wirth, State Bar No. 1012080
      Jasmyne M. Baynard, State Bar No. 1099898
      9898 W. Bluemound Road, Suite 2
      Wauwatosa, WI 53226
      Telephone: (414) 291-7979/Fax: (414) 291-7960
      E-mail: aem@wbattys.com
             jmw@wbattys.com

jmb@wbattys.com

*Attorneys for Defendants Village of Whitefish Bay and Julia Zurfluh*